**Paramjit SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–75849.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 16, 2010.

Christopher John Stender, Esquire, Stender & Lappin, San Diego, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Terri Jane Scadron, Assistant Director, Siu P. Wong, Esquire, Trial, Kathryn Deangelis, U.S. Department of Justice, Washington, DC, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Paramjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying Singh's second motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir.2008), and review de novo ineffective assistance of counsel claims, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely and number-barred because it was Singh's second motion to reopen and it was filed two years after the BIA's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal); 8 U.S.C. § 1229a(c)(7)(A) (a party may file only one motion to reopen).

The BIA also did not abuse its discretion in failing to reopen Singh's case on the basis of ineffective assistance of former counsel, because even if Singh's former counsel's performance were deficient, Singh failed to establish the alleged deficiencies prejudiced his case. *See Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.